UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14020-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BENNY AGUILAR,

    Defendant.
_____/

### *STIPULATED FACTUAL BASIS IN SUPPORT OF GUILTY PLEA*

  The United States of America, by and through the undersigned Assistant United States Attorney, and the defendant, together with his counsel, admit the government can prove the allegations contained in Counts 1, 7, 13, 17 and 22 of the indictment charging him with assisting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2). The defendant stipulates that the following recitation of facts provide a factual basis for entry of the guilty plea to Counts 1, 7, 13, 17 and 22 of the indictment.

  The defendant was a tax preparer at B&A Services located in Lake Placid, Florida, a business he opened, owned, and operated. Between 2014 and 2019, the defendant prepared and electronically filed dozens of false individual returns (Forms 1040 and 1040A) for his taxpayer clients who were mostly Hispanic. According to the taxpayers, the false items contained on their returns were inserted without their knowledge or consent. The returns were made false in either or both of the two following ways:

- Claiming fictionalized residential energy expenses on the taxpayers' federal income tax returns to qualify clients for the Residential Energy Credit (REC);

  The REC allows for a credit equal to 30 percent of the qualified expenses made by a taxpayer for the taxpayer's principal residence during the tax year. Qualifying properties include solar electric property, solar water heaters, small wind energy property and geothermal heat pumps, and fuel cell property. The REC lowers a taxpayers' tax liabilities.

- Falsely increasing the federal income tax withholding (FITW) on the income tax returns to increase the amount of the refund.

  The FITW is the portion of an employee's wages that is not included in the employee's paycheck but is instead remitted directly to the IRS. Withholding reduces the amount of tax the employee must pay when the employee submits the employee's annual tax return. Credits and

deductions may outweigh the tax paid by the employee, resulting in a refund. In essence, the defendant increased the client's refund by inflating the FITW (inflating the amounts on the W-2s filed with the 1040) and/or reducing the tax due and owing with the REC credit. Some years, a few taxpayers had taxes due and owing which were instead converted into a substantial refund by claiming a false REC and/or inflating the FITW.

These false and fraudulent representations resulted in at least $92,230 in sham refunds, all of which were paid out to the clients. The defendant charged approximately $80.00 per return. By including these false claims, the defendant was able to create or increase refunds which enabled him to expand or maintain his customer base and ultimately generate a profit. Most of the interviewed clients either first met the defendant directly or were referred to him by friends and family in the community.

IRS Special Agent Stephanie Gogley interviewed the taxpayers all of which filed joint returns with their spouses. The taxpayers owned their respective homes and denied ever installing energy efficient upgrades to these homes. All were Form W-2 employees and had dependents. These individuals identified the defendant as the tax preparer. According to the clients, the defendant provided false information on their tax returns by claiming nonexistent REC credits and/or inflating the FITW that the clients were not entitled to and did so without their knowledge. These witnesses each identified the specific false items contained on their tax returns.

As to Count 1, taxpayers I.R. and M.R. advised that they met with the defendant at B&A Services in Lake Placid to have their 2014 tax return prepared.[1] I.R. and M.R.'s 2014 tax return, filed on February 15, 2015, identifies Benny Aguilar as the tax preparer, lists his Preparer Tax Identification Number and was e-filed using B&A's Electronic Filing Identification Number. This tax return prepared by the defendant was false in that the defendant added non-existent Residential Energy Credit of $1,586 and an inflated Federal Income Tax Withholding of $5,660. These false claims inflated I.R. and M.R.'s refund to $7,048, when the actual refund would have been $3,190. I.R. and M.R. stated that they did not provide the defendant with the false information listed on their 2014 tax return.

As to Count 7, taxpayers G.O. and A.T. advised that they met with the defendant at B&A Services in Lake Placid to have their 2015 tax return prepared. G.O. and A.T.'s 2015 tax return, filed on March 8, 2016, identifies Benny Aguilar as the tax preparer, lists his Preparer Tax Identification Number and was e-filed using B&A's Electronic Filing Identification Number. This tax return prepared by the defendant was false in that the defendant added non-existent Residential Energy Credit of $4,507 and an inflated Federal Income Tax Withholding of $7,462. These false claims inflated G.O. and A.T.'s refund to $8,723, when the actual refund would have been $2,315. G.O. and A.T. stated that they did not provide the defendant the false information listed on their 2015 tax return.

---

[1] I.R. and M.R. were jointly interviewed using a Spanish speaking Special Agent.

As to Count 13, taxpayer M.C., who met directly with the defendant, advised that she met with the defendant at B&A Services in Lake Placid to have M.A. and M.C.'s joint 2016 tax return prepared. M.A. and M.C.'s 2016 tax return, filed on March 3, 2017, identifies Benny Aguilar as the tax preparer, lists his Preparer Tax Identification Number and was e-filed using B&A's Electronic Filing Identification Number. This tax return prepared by the defendant was false in that the defendant added non-existent Residential Energy Credit of $2,288 and an inflated Federal Income Tax Withholding of $11,157. These false claims inflated M.A. and M.C.'s refund to $6,169 when the actual refund would have been $881. M.C. stated that they did not provide the defendant the false information listed on the 2016 tax return.

As to Count 17, taxpayer M.M., who met directly with the defendant, advised that she met with the defendant at B&A Services in Lake Placid to have R.M. and M.M.'s joint 2017 tax return prepared. R.M. and M.M's 2017 tax return, filed on March 13, 2018, identifies Benny Aguilar as the tax preparer, lists his Preparer Tax Identification Number and was e-filed using B&A's Electronic Filing Identification Number. This tax return prepared by the defendant was false in that the defendant added non-existent Residential Energy Credit of $4,525. This false claim inflated R.M. and M.M's refund to $5,732 when the actual refund would have been $1,207. M.M stated that they did not provide the defendant the false information listed on their 2017 tax return.

As to Count 22, taxpayer S.A., who met directly with the defendant, advised that he met with the defendant at B&A Services in Lake Placid to have S.A. and M.A. joint 2018 tax return prepared. S.A. and M.A.'s 2018 tax return, filed on February 4, 2019, identifies Benny Aguilar as the tax preparer, lists the defendant's Preparer Tax Identification Number and was e-filed using B&A's Electronic Filing Identification Number. This tax return prepared by the defendant was false in that the defendant added non-existent Residential Energy Credit of $1,525. This false claim inflated S.A. and M.A.'s refund to $4,749 when the actual refund would have been $3,244. S.A. stated that they did not provide the defendant the false information listed on their 2018 tax return.

The defendant provided the clients with copies of their 1040s. All but one client retained their copies and provided them to S/A Gogley during their respective interviews[2]. During the interviews, the witnesses stated that the defendant never made any inquiries or explanations about the Residential Energy Credit and did not do a detailed review of the returns. Though the client copies listed the non-existent REC amount and/or the inflated income tax withholding, the copies failed to include the REC Form 5695 or the inflated W-2s that were submitted to the IRS. The misstatements on these tax returns were material in that the claims affected the calculation of the tax due and owing and inflated the refund amount.

On February 20, 2019, the IRS conducted an undercover operation at B&A Services which was video, and audio taped. The undercover agent (UCA) posed as a Form W-2 wage earner from Miami. During the undercover, both the defendant and the UCA spoke English and

---

[2] The Information Returns Processing (IRP) System which compiles the W-2 data submitted by employers corroborated the inflated FTW for all the 1040s charged.

Spanish. The defendant prepared and filed the UCA's tax return even though the filed 1040 identified Gladys Aguilar as the tax preparer. The filed return included a non-existent Residential Energy Credit of $1,042. The client copy provided by the defendant did not include the REC Form 5695. During the meeting, the defendant never mentioned, explained, or inquired about a Residential Energy Credit. The UCA never provided the defendant with an REC amount (or any documents to support this amount) nor did UCA request that the creation of a false Residential Energy Credit. The REC Form 5695 categorized the credit as carry forward from 2017, even though the UCA had never previously filed a return listing a Residential Energy Credit and listed an apartment as his permanent home address. An accurate tax return utilizing the information provided by the UCA would have resulted in a tax liability of $341 instead of a $1,062 refund.

A random sampling of B&A Service's clients claiming the Residential Energy Credit establish that the amount of loss based solely on the REC is approximately $2,967,278.

The defendant further admits that he understands the elements for proving Counts 1, 7, 13, 17 and 22 in violation of Title 26, United States Code, Section 7206(2) are as follows[3]:

(1) That the defendant aided in/assisted in/procured/counseled/advised on the preparation of a return in connection with any matter arising under the Internal Revenue laws; and

(2) this return falsely stated that the taxpayer in question spent the amounts specified for deductible expenses during the stated tax calendar year;

(3) the defendant knew that the statement in the return was false;

(4) the false statement was material; and

(5) the defendant did so with intent to do something he knew the law forbids.

A declaration contained within a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. The government does not have to show that it was deprived of any tax because of the false return, or that additional tax is due. It only has

(INTENTIONALLY LEFT BLANK)

---

[3] 11th Cir. Pattern Offense Jury Instruction No. O109.2 (2016).

4

to prove that the defendant aided and abetted the filing of a materially false return, which the defendant knew violated the law.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7-28-2021            By: _____
                                DIANA M. ACOSTA
                                ASSISTANT UNITED STATES ATTORNEY

Date: 7/26/2021            By: _____
                                GREGG S. LERMAN
                                ATTORNEY FOR DEFENDANT

Date: 7/26/2021            By: _____
                                BENNY AGUILAR
                                DEFENDANT