UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   21-14020-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BENNY AGUILAR,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the United States") and Benny Aguilar (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1, 7, 13, 17 and 22 of the indictment, which counts charge the defendant with assisting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2).

2. This Office agrees to seek dismissal of counts 2-6, 8-12, 4-16, 18-21 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty

plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. The defendant is also aware that the guidelines do not provide for parole.

4. The defendant also understands and acknowledges that as to each Count, the Court may impose a statutory maximum term of imprisonment of up to three years, followed by a term of supervised release of up to one year. These sentences of imprisonment may be run consecutively, for a total sentence of fifteen (15) years of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 and may order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant as to each Count, for a total amount of $500.00. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the

United States and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

8. The United States, however, will not be required to make this motion and this recommendation if the defendant:

   (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

   (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or

(3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(1). <u>Loss</u>: That the relevant amount of actual, probable, or intended loss under Section 2T4.1 of the Sentencing Guidelines resulting from the offense committed in this case is $2,967,278.77.

(2). <u>Role in the offense</u>: That the defendant should not receive any adjustment for role in the offense.

(3). <u>Business of Preparing Taxes</u>: That the defendant should receive a two-level increase for being in the business of preparing or assisting in the preparation of tax returns, pursuant to Section 2T1.4(b)(1)(B) of the Sentencing Guidelines.

(4). <u>Adjusted Offense Level</u>: That the applicable adjusted offense level under all of the circumstances of the offenses committed by the defendant is Level 24.

10. The defendant agrees to pay restitution to the IRS in the amount of $92,230, per the table below.

| TAXPAYER | TAX YEARS | RESTITUTION TO IRS |
|---|---|---|
| I.R. and M.R. | 2014, 2015, 2016, 2017, 2018 | $17,416.00 |
| G.O and A.T. | 2014, 2015, 2016, 2017, 2018 | $29,743.00 |
| M.A. and M.C. | 2014, 2015, 2016, 2017, 2018 | $22,442.00 |
| R.M. and M.M. | 2016, 2017, 2018 | $10,694.00 |
| S.A. and M.A. | 2015, 2016, 2017, 2018 | $11,935.00 |
|  | TOTAL | $92,230.00 |

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by the defendant and the United States.

12. The defendant agrees never again to aid or assist in the preparing or presenting of U.S. individual income tax returns, or of any other tax returns, for any taxpayer except his own. The defendant agrees not to oppose any civil action brought by the United States seeking to enjoin the defendant from preparing income tax returns for others.

13. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

14. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

15. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

16. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial, to cross-examine the government's witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

(INTENTIONALLY LEFT BLANK)

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTINTING UNITED STATES ATTORNEY

Date: 7-28-21        By: _____
                         DIANA M. ACOSTA
                         ASSISTANT UNITED STATES ATTORNEY

Date: 7/27/21        By: _____
                         GREGG S. LERMAN
                         COUNSEL FOR DEFENDANT

Date: 7/27/21        By: _____
                         BENNY AGUILAR
                         DEFENDANT

7