UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14020-CR-CANNON/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**BENNY AGUILAR,**

    **Defendant.**

                                    /

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.    I convened a hearing to permit the Defendant to change his plea in this criminal case on July 30, 2021. The hearing was convened via video teleconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to appear in person for the proceeding. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through video teleconference. The Defendant also signed a Consent to Appear by Video or Audio Teleconference Form which will be filed in the record in this case. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through video teleconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the plea cannot be further delayed without serious harm to the interests of justice.

2. I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. (DE 17). I reviewed that Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to Counts 1, 7, 13, 17, and 22 of the Indictment, which counts charge him with assisting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2). In exchange for the Defendant's guilty plea, the United States Attorney's Office agreed to dismiss the remaining counts after sentencing.

5. I reviewed with the Defendant the statutory mandatory minimum penalties and statutory maximum penalties applicable to Counts 1, 7, 13, 17, and 22 of the Indictment. The Defendant acknowledged that he understood the statutory penalties that apply in his case.

6. The parties agree in the Plea Agreement to make certain recommendations to the District Court regarding the sentence to be imposed in this case. I explained to the Defendant that,

although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

7. The Plea Agreement contains an appeal waiver in which Defendant waives his right to appeal the sentence imposed in this case except under limited circumstances outlined in the Plea Agreement. I explained the appeal waiver to Defendant. Defendant acknowledged that he understands the appeal waiver, has discussed it with his attorney, and understands that by entering the Plea Agreement and entering a plea of guilty, he has waived or given up his right to appeal. As a result, I recommend to the District Court that Defendant be found to have knowingly and voluntarily waived his right to appeal the sentence imposed except to the extent outlined in the Plea Agreement.

8. The parties submitted a written Stipulated Factual Basis in Support of Guilty Plea (Stipulated Factual Basis) which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. (DE 16). The Defendant acknowledged that he signed the Stipulated Factual Basis, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Stipulated Factual Basis is true and correct, and accurately sets forth the facts in his case as he understands them to be. The Stipulated Factual Basis was not read into the record (by the Parties' agreement) but will be filed in the record in this case. I have reviewed the Stipulated Factual Basis in its entirety and find that it sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Counts 1, 7, 13, 17, and 22 of the Indictment freely and

voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts 1, 7, 13, 17, and 22 as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant's plea of guilty to Counts 1, 7, 13, 17, and 22 of the Indictment be accepted; that the Defendant be adjudicated guilty of the offenses to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 30th day of July, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE