UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21CR14020-CANNON

**UNITED STATES OF AMERICA,**
　　**Plaintiff,**

　　Vs.

**BENNY AGUILAR,**
　　**Defendant,**
　　_____ /

## MOTION FOR VARIANCE AND SENTENCING MEMORANDUM

　　The Defendant, BENNY AGUILAR, through counsel, files this Motion for Variance and Sentencing Memorandum in the above-styled cause and as grounds state the following;

　　1.　　The above styed cause is currently set for Sentencing on October 20, 2021, at 2:00 pm in Fort Pierce, Florida.

　　2.　　The Defendant pled guilty to five counts (1, 7, 13, 17 and 22) of the Indictment on July 19, 2021, charging Aiding or Assisting in the Preparation of False Documents (Tax Returns) in violation of 26 U.S.C. 7206(2).  Seventeen counts were dismissed

　　3.　　The Presentence Report established that the Defendant was a Category I as he had no Criminal History Points and after a three-level reduction for Acceptance of Responsibility the Total Offense Level was 21 and a Sentencing Range of 37 to 46 months.

　　4.　　The maximum sentence for each count was three years with a term of one-year supervised release.

　　5.　　The Defendant is requesting a variance and a total sentence of 24 months followed by one year of supervised release with the conditions set out in the PSR.

1

**MEMORANDUM**

Section 3535(a) requires that a sentence be "sufficient, but not greater than necessary" to achieve the goals of sentencing. <u>Pepper v. United States</u>, 131 S. ct. 1229, 1242–43 (2011) <u>Kimbrough v. United States</u>, 552 U.S. 350, 352 (2009). The Court must "consider all the Section 3553(a) factors" and "make an individualized assessment based on the facts presented," <u>Gall v. United States</u>, 552 U.S. 38, 49-50 (2007) and explain how the facts relate to the purpose of sentencing, <u>Gall</u>, 552 U.S. at 53-60.

This Court, as a general matter, is permitted to vary from the Guidelines range based on policy considerations since the Guidelines are advisory. The Guidelines may fail to properly reflect Section 3553(a) considerations. <u>Rita v. United States</u>, 551 U.S. 338. 351 (2007).

The question before the Court is what a reasonable sentence for Defendant AGUILAR would be. While a sentence inside the Guidelines is presumed to be reasonable a sentence outside the Guidelines is not presumed to be unreasonable. The factors set out in Section 3553(a) that the Court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant [Section 3553(a)(1)];
2. The need for the sentence imposed;
   a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [Section 3553(a)(2)(A)];
   b. To afford adequate deterrence to criminal conduct [Section 3553(a)(2)(B)];
   c. To protect the public from further crimes of the defendant. [Section 3553(a)(2)C); and

   d. To provide the defendant needed educational or vocational training, medical care or other correctional treatment in the most effective manner. [Section 3553(a)(2)(D)]

3. The kinds of sentences available. [Section 3553(a)(3)]

4. The kinds of sentence and sentencing range established in the Federal Sentencing Guidelines. [Section 3553(a)(4)(A-B)]

5. Any pertinent policy statement issued by the Sentencing Guidelines Commission. [Section 3553(a)(5)]

6. The need to avoid unwarranted sentencing disparity [Section 3553(a)(6)]

7. The need to provide restitution to any victim [Section 3553(a)(7)]

 I. **The Nature and Circumstances Section and Characteristics of the Defendant**

**3553(a)(1)**: AGUILAR quickly moved to accept responsibility in this matter. Once Indicted and surrendered arrangements were quickly made between counsel to move forward without delay and resolve this case.

  While it is true that the Government dismissed 17 of the 22 counts in the indictment the reality is that dismissal had no effect on the Sentencing Guidelines. Whether the Defendant pled guilty to 5 or 22 counts under 3D1.1(a)(1), U.S.S.G, Grouping of Multiple Counts, AGUILAR would have had the same sentencing recommendation under the Guidelines. It is debatable whether AGUILAR has received any significant benefit from Accepting Responsibility. Is the three-level reduction for Acceptance rendered entirely meaningless? No. However, his admissions and guilty plea have saved the Court and Government the time and expense of having a jury trial.

  By the day of sentencing the Court will have received letters from both family and friends of AGUILAR for the Court's review. His family and friends have stuck by him. They continue

to provide him with a dedicated support system that sees the good in him and finds him redeemable and remorseful.

While it may be true that AGUILAR's business of tax preparation likely gained clients by his ability to obtain refunds they admittedly were not entitled to the fact is he did not become awash in riches charging $80.00 a tax return. His fees were not based on some percentage of refunds. While AGUILAR does not seek to minimize or excuse his conduct or wrongdoing compared to what this Court often sees as far as personal gain by white collar criminals his personal profit was minimal.

Finally, AGUILAR is a Criminal History Category I. In a variance case the Court is permitted to consider the fact that a defendant is a Criminal History Category I. <u>United States v. Huckins</u>, 529 F,3d 1312, 1318 (10th Cir. 2008). <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 575 (2007) (A factor disfavored by the Guidelines is no longer excluded from consideration under Section 3553(a).)

## II. **The Need for the Sentence Imposed Section 3553(a)(2)**

A 24-month sentence for someone such as AGUILAR is significant and should not be described as a slap on the wrist. It clearly reflects the serious ness of the charge, promotes respect for the law and promotes just punishment. Section 3553(a)(2)(A). A 24-month sentence would be sufficiently harsh to promote and address deterrence of criminal conduct, Section 3553(a)(2)(B), and would protecting the public from a reoccurrence of the crimes committed by AGUILAR. Section 3553(a)(2)(C). Such a sentence would serve the goals of retribution and rehabilitation in a reasonable manner.

## III. **The Kind of Sentence Available Section 3553(a)(3)**

The proposed sentences is available to the Court as a variance from the recommended Guidelines Sentence.

IV. **Sentencing Range Established in the Federal Sentencing Guidelines Section 3553(a)(4)(A-B)**

As set out above the established range is 37 to46 months; however, the statutory maximum per count is 36 months.

V. **Policy Statement Section 3553(a)(5)**

The tax table contained on 2T4.1, U.S.S.G, sets the offense levels in a way as to promote additional deterrence and better reflect the seriousness of the conduct. Yet, Congress has not chosen to increase the maximum statutory sentence of three years. It is the position of counsel that the larger losses that the Commission is directing it's comments to are the large individual type versus the cumulative small losses that rise to the level that is exemplified here. Again, AGUILAR is not excusing his conduct but simply asking the Court to impose a reasonable sentence.

VI. **The Need to Avoid Sentencing Disparities Section 3553(a)(6)**

Undersigned counsel could not find any appellate recent cases that specifically addressed the issue of a sentencing variance under 26 U.S.C. 7206(2).

VII. **RESTITUTION Section 3553(a)(7)**

Paragraph 92 sets out $92,230.00 in restitution to the Internal Revenue Service. The sooner AGUILAR can reintegrate into society as a working individual the sooner he will be able to work towards paying the restitution owed.

WHEREFORE, the Defendant this Court grant this Motion for Variance.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 6, 2021, I electronically filed the foregoing with the Clerk of Court using EM/ECF. I also certify that it is being electronically served on Diana Acosta Hoover, AUSA, Office of the U.S. Attorney, Fort Pierce, FL.

Respectfully submitted,

/s/ **Gregg S. Lerman**

GREGG S. LERMAN
Defense Counsel
Florida Bar No.: 510963
330 Clematis Street, Suite 209
West Palm Beach, FL 33401
TEL: (561)832-5770
Gregg@GreggLermanLaw.com