```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                   FORT PIERCE DIVISION
                  CASE NO. 21-14020-CR-CANNON


UNITED STATES OF AMERICA,

            Plaintiff,                    OCTOBER 20, 2021
      vs.
                                        FORT PIERCE, FLORIDA
BENNY AGUILAR,
                                          PAGES 1 - 21
            Defendant.
_____/


             TRANSCRIPT OF SENTENCING HEARING
         BEFORE THE HONORABLE AILEEN M. CANNON
               UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:     DIANA ACOSTA, AUSA
                        Office of U.S. Attorney
                        101 South US Highway One
                        Suite 3100
                        Fort Pierce, Florida  34950



FOR THE DEFENDANT:      GREGG. S. LERMAN, ESQ.
                        330 Clematis Street
                        West Palm Beach, Florida  33401






REPORTED BY:            DIANE MILLER, RMR, CRR, CRC
                        Official Court Reporter
                        Unites States District Court
                        Fort Pierce, Florida  34950
                        772-467-2337
                        diane_miller@flsd.uscourts.gov
```

1                    P-R-O-C-E-E-D-I-N-G-S

2           THE COURTROOM DEPUTY:  Calling case 21-CR-14020-

3    Cannon, USA versus Benny Aguilar.  Can we have Counsel enter

4    your appearance for the Government.

5           MS. ACOSTA:  Diana Acosta on behalf of the United

6    States, good afternoon.

7           THE COURT:  Good afternoon, Ms. Acosta.

8           MS. ACOSTA:  Seated at counsel table is Special Agent

9    Stephanie Gogley [phonetic] with the IRS.

10          THE COURT:  Stephanie who?  I'm sorry, didn't hear

11   the last name.

12          MS. ACOSTA:  Gogley.

13          THE COURT:  Okay, thank you.

14          And who is here for Probation?

15          PROBATION OFFICER:  Good afternoon, Claire Spille on

16   behalf of U.S. Probation.

17          THE COURT:  Good morning, sir; please state your

18   appearance.

19          MR. LERMAN:  Greg Lerman on behalf of Defendant Benny

20   Aguilar, and Mr. Aguilar is to my left.

21          THE COURT:  I said good morning, it is now certainly

22   the afternoon, so my apologies.

23          MR. LERMAN:  I apologize for the confusion on the

24   Zooming versus in-person sentencing.

25          THE COURT:  All right.  Thank you, sir.

1          And good afternoon, Mr. Aguilar.

2          THE DEFENDANT:  Good afternoon.

3          As you know, Mr. Aguilar, the purpose of this

4    afternoon's hearing is to determine a sentence that is

5    appropriate but not greater than necessary to achieve the

6    purposes of sentencing as set forth in Title 18, United States

7    Code, Section 3553(a).  As the record reflects, you pled guilty

8    on July 30th of this year before magistrate Judge Maynard to

9    Counts 1, 7, 13, 17, and 22 of the indictment.  Those counts

10   charge you with assisting the preparation of false tax returns

11   in violation of Title 26, United States Code, Section 7206(2).

12         The Court thereafter adopted the report and

13   recommendation on that guilty plea, so you have been

14   adjudicated guilty of those counts.

15         In preparation for today's hearing, the Court has

16   reviewed the full sentencing record including, of course, the

17   indictment, the order adopting the report and recommendation,

18   the report and recommendation itself, the full PSI at docket

19   entry 28, the various character letters filed on your behalf,

20   the motion for a downward variance filed by your attorney, the

21   Government's response to that motion and the plea agreement.

22         Mr. Lerman, are there any additional documents that

23   the Court should review in preparation for this afternoon's

24   hearing.

25         MR. LERMAN:  I filed, I believe, it was seven letters

1    that were written on his behalf.  I'm not sure if the Court saw

2    those or not, since you didn't list them off and make them part

3    of the list.

4          THE COURT:  I did refer to the character letters; and

5    yes, I have reviewed them all.  Thank you.

6          Mr. Lerman, are you aware of any legal reason why

7    sentence should not be imposed today?

8          MR. LERMAN:  No.

9          THE COURT:  Ms. Acosta, are you aware of any such

10   legal reason?

11         MS. ACOSTA:  No, Your Honor.

12         THE COURT:  Now, I don't believe there are any

13   objections to the PSI; is that correct, Mr. Lerman?

14         MR. LERMAN:  That's correct.

15         THE COURT:  All right.  Any objections to the PSI,

16   Ms. Acosta?

17         MS. ACOSTA:  No, Your Honor.

18         THE COURT:  I want to state for the record the

19   applicable guideline range understanding that there are no

20   objections to the final PSI at docket entry 28.

21         The PSI recommends a total offense level of 21, a

22   criminal history category of one yielding an advisory guideline

23   range of 37 months to 46 months imprisonment, a recommended

24   range of supervised release of one year per count; a

25   recommended fine of $15,000 to $150,000, a special assessment

1    of $100 as to each of the five counts totaling $500, and

2    restitution in the amount of $92,230.  Did I get everything

3    correct, Mr. Lerman?

4            MR. LERMAN:  Yes, Judge.

5            THE COURT:  Okay.  Anything further from the

6    Government with respect to the guideline recommendations?

7            MS. ACOSTA:  No, Your Honor.

8            THE COURT:  All right.

9            So the Court will accept the facts contained in the

10   PSI and adopt in full the PSI calculation of the advisory

11   guidelines.  Now that the guideline range has been calculated,

12   I would like to hear from the parties on an appropriate

13   sentence starting with Ms. Acosta.

14           You may remove your mask, if you prefer.

15           MS. ACOSTA:  Thank you, Your Honor.

16           Your Honor, we are recommending a sentence at the low

17   end of the guideline range.  We believe that a guideline range

18   sentence is appropriate in this case.  He did run this tax

19   preparation business for a number of years, and I know that one

20   of the claims is that he only made $80 -- he did only charge

21   $80 for each of the tax preparation fees; however, he did

22   prepare a substantial number of tax returns and if you were to

23   look at just 2018, he filed 1,931 tax returns with a charge of

24   $80.  He made approximate $154,000 for that year.  So the

25   number is based on the number of returns he was filing is

1   significant.  I'm not claiming all of those are fraudulent, I'm

2   just saying he was making a living, a good living off his tax

3   preparation business.

4          In addition, he focused on a certain part of the

5   community that went to him and really relied on what he said.

6   He put in there -- it was pretty flagrant -- they had no

7   residential, they didn't have any of the types of things that

8   they would need to qualify for that credit.  They had never put

9   in any type of special features on the home to qualify, and it

10  was a pretty blatant misrepresentation that he put on there

11  without them knowing.

12         He would also, on some cases, increase the federal

13  income tax withholding to just add money to the W-2.  They

14  provided the W-2, he would inflate those amounts.  And based on

15  his behavior, also based on the fact that he is a tax preparer,

16  as we argued in our motion, Your Honor, deterrence is a key the

17  focus for this Court.  And based not only on his deterrence for

18  his own behavior but general deterrence, we feel that a

19  guideline sentence is appropriate, and we are asking for the

20  low end of the guideline range.

21         Thank you, Your Honor.

22         THE COURT:  Thank you, Ms. Acosta.

23         Mr. Lerman.

24         MR. LERMAN:  All right.  I have been vaccinated.

25         Good afternoon again.

1              What we know sitting here now is that the charges he

2      pled guilty to and those even that were dismissed, the maximum

3      sentence per count would be 36 months or three years.

4              I talked about in my motion what the policy statement

5      was basically of the guidelines commission in deterrence and

6      coming up with the dollar amounts that they use within the

7      guidelines to determine what level somebody is, and I find it

8      odd that we have these charges, these counts that have a

9      maximum sentence of three years; yet, the guidelines without

10     much difficulty get way above that fairly quickly depending on

11     the amounts, and this is a perfect example, this particular

12     case.

13             The legislature and the Congress hasn't increased the

14     maximum sentence statutorily that somebody faces, but the

15     guidelines themselves have in determining what dollar amounts

16     are used in the tables which creates a situation in this

17     particular case where, while it is true that he got a

18     three-level acceptance of responsibility and it is true that if

19     you added those three levels, his guidelines recommendation

20     would have been somewhat higher, the reality is that he is not

21     getting, from our position, a meaningful acceptance of

22     responsibility when, in fact, he has pled guilty.  When he got

23     indicted and I came on the case, we agreed to a plea fairly

24     quickly.  This was not dragged out.  He accepted responsibility

25     once I came into the case right away.

1          When we talked about penalties and deterrence, the

2    Government is asking for 37 months.  We are asking for 24

3    months.  They are not that substantially apart.  For someone

4    such as Mr. Aguilar, 24 months is a lot.  It is not time

5    served.  It is not asking for probation.  It is not sending him

6    home in six months.  It's not likely sending him home for

7    probably around 18 months, even if the Court gives him 24

8    months.  So 24 months is substantial in his life.  It should be

9    substantial in anybody's life who is a category one, who has

10   never been in trouble before and likely will never be seen by

11   this Court again or any court again.  Even the term of

12   supervised release is only one year.

13          So it is our position when you take into

14   consideration the person as a whole, the person who is Benny

15   Aguilar, when you read the letters about who Benny Aguilar is

16   outside of this case, a 24-month sentence would be a reasonable

17   sentence, would be sufficient to deter not just Mr. Aguilar but

18   the general deterrence that Ms. Acosta speaks to as well, and

19   that's what we are asking the Court to do.

20          I know Mr. Aguilar wishes to address the Court, when

21   the Court gives him that opportunity.

22          THE COURT:  Thank you, Mr. Lerman.

23          Mr. Aguilar, as your counsel referenced, you do have

24   a right to address the Court, if you wish, and make a statement

25   today.

```
 1              THE DEFENDANT:  Good afternoon, Your Honor.
 2         I want to apologize for the confusion with the Zoom
 3    and being here.  I didn't intend it.  I was just under the
 4    assumption that it was through Zoom.
 5         I also want to apologize for all of this -- I just
 6    want to say that I never intended even though it look like, I
 7    never intended to defraud anyone less the United States.
 8         I started using those credits, I saw it was working,
 9    given I now know that they were wrong.  And they were working,
10    and I was even getting letter from the IRS asking over the form
11    5695 which is the one they use the credit -- entered the
12    credit.  Even I had some people sometimes asking for the pay
13    stubs.  And people were getting their money, so I just was
14    assuming, okay, it worked, it was fine, I kept doing it.
15         I was having so many clients, but I didn't -- a lot
16    of those clients I didn't charge, like students, elderly
17    people, so I wasn't making a lot of money.  If they do look at
18    my taxes, they can see, they have my actual income last year.
19    It was $39,000 after expenses and deductions.
20         And I just want to apologize, I -- and I ask this
21    Court, I ask this, Judge, to have compassion.  It is the first
22    time that I'm in court, the first time I'm having this issue.
23    I don't want to go to jail.  I'm the only one providing right
24    now for my family, for my wife, my son.  Since this situation
25    happened, my wife has been depressed, really depressed and she
```

1    hasn't been able to find a job.  Thank God, I'm working.  I

2    work for the state, and they are aware of what is going on.  So

3    if I get probation, they know that I'm having this situation,

4    and that's all I ask.  I don't know how this work, I don't know

5    how the rules work, but I do apologize for what happened.  And

6    believe me, I won't ever again be in this kind of situation.

7              Thank you.

8              THE COURT:  Anything further from Mr. Lerman?

9              MR. LERMAN:  No, Judge.

10             THE COURT:  Anything further from Ms. Acosta?

11             MS. ACOSTA:  No, Your Honor.

12             THE COURT:  All right.

13             The Court has considered the statements of all

14   parties, the presentence investigation report which contains

15   the advisory guidelines and the statutory factors set forth in

16   Title 18, United States Code, Section 3553(a).

17             It is the finding of the Court that the defendant is

18   not able to pay a fine in addition to restitution.

19             Mr. Aguilar, your counsel has done an able job, and I

20   have considered his position and listened carefully, but the

21   fact remains, sir, that you engaged in blatant falsehoods over

22   a substantial period of time resulting in a very substantial

23   tax loss amount; and although the scheme may have been working,

24   it clearly was criminal behavior over a substantial period of

25   time.  For those reasons, I do believe that a low end guideline

1  sentence is warranted; and therefore, I will deny the motion

2  for a downward variance.

3       It is the judgment of the Court that the defendant,

4  Benny Aguilar, is committed to the Bureau of Prisons to be

5  imprisoned for a term of 37 months as to each of Counts 1, 7,

6  13, 17, and 22, all counts to be served concurrently.

7       Upon release from imprisonment, the defendant shall

8  be placed on supervised release for a term of one year as to

9  each of counts 1, 7, 13, 17, and 22, all to run concurrently.

10      Within 72 hours of release, the defendant shall

11  report in person to the probation office in the district where

12  released.

13      While on supervised release, the defendant shall

14  comply with the mandatory and standard conditions of supervised

15  release which include not committing any crimes, being

16  prohibited from possessing a firearm or other dangerous device,

17  not unlawfully possessing a controlled substance, and

18  cooperating in the collection of DNA.  The defendant also shall

19  comply with the following special conditions:  Financial

20  disclosure requirement, no new debt restriction, permissible

21  search, related concern, self-employment restrictions,

22  cooperation with IRS, and restitution of $92,230 condition of

23  supervision and unpaid restitution, fines, or special

24  assessments as noted in part F of the presentence investigation

25  report.

1          On the question of restitution, I want to read

2    directly from paragraph 98 of the presentence investigation

3    report which states as follows:  "The defendant shall pay

4    restitution to the Internal Revenue service in the amount of

5    $92,230 associated with the counts of conviction.  The

6    defendant shall pay restitution at the rate of 10 percent of

7    monthly gross earnings until such time as the Court may alter

8    that payment schedule in the interests of justice.  The U.S.

9    Probation Office and U.S. Attorney's Office shall monitor the

10   payment of restitution and report to the Court any material

11   change in the defendant's ability to pay.  These payments do

12   not preclude the Government from using any other anticipated or

13   unexpected financial gains, assets, or income of the defendant

14   to satisfy the restitution obligations.  And the restitution

15   shall be made payable to Clerk of the United States Court and

16   forwarded to the address listed at paragraph 98."

17         Ms. Acosta, are there any counts that need to be

18   dismissed?

19         MS. ACOSTA:  Yes, Your Honor.  We would ask for the

20   remaining counts to be dismissed, specifically 2, 3, 4, 5, 6,

21   8, 9, 10, 12, 13 -- I mean 12, 14, 15, 16, 18, 19, 20, and 21.

22         THE COURT:  All right.  Thank you, Ms. Acosta.

23         It is further ordered that the defendant shall pay

24   immediately to the United States a special assessment of $100

25   as to each of counts 1, 7, 13, 17, and 22 for a total of $500.

 1          The total sentence is therefore 37 months

 2    imprisonment, one year supervised release, and $500 in special

 3    assessments along with, of course, the restitution that I

 4    mentioned earlier per the PSI and all of the other conditions.

 5          Now that sentence has been imposed, does the

 6    defendant or his counsel object to the Court's finding of fact

 7    or to the manner in which sentence was pronounced?

 8          MR. LERMAN:  No.

 9          THE COURT:  Sir, you have right to appeal the

10    sentence imposed.  Any notice of appeal must be filed within 14

11    days after the entry of the judgment.  If you are unable to pay

12    the cost of an appeal, you may apply for leave to appeal in

13    forma pauperis.

14          Mr. Lerman, anything further?

15          MR. LERMAN:  Actually, thinking about it, I think

16    Ms. Acosta will agree with me.  I understand the 37-month

17    sentence, but I think you can -- you have to sentence him to 36

18    months on all but one count, and that other count would be one

19    month consecutive since the maximum sentence is 36 months on

20    each count generally, if the Court understands what I'm saying.

21    I think I'm being clear.

22          The way he is sentenced now, you are sentencing him

23    one month more than legally permitted to do.

24          THE COURT:  All right.

25          Ms. Acosta.

```
 1          MS. ACOSTA:  That's correct, Your Honor.  You have to
 2  sentence him to 36 months on one count and then an additional
 3  month on one other count to run consecutive and the rest is
 4  everything to run concurrent.
 5          MR. LERMAN:  Correct, however the Court wants to do
 6  it.  I mean, there are different ways you can do it but --
 7          THE COURT:  All right.  So it would be then 36 months
 8  as to count one followed by a consecutive sentence of one month
 9  as to counts 7, 13, 17, and 22.
10          MS. ACOSTA:  Yes.
11          THE COURT:  Is that correct, Mr. Lerman?
12          MR. LERMAN:  Yes.  You can do it that way.
13          MS. ACOSTA:  You can do it that way, yes.
14          THE COURT:  Thank you for that clarification.
15          MR. LERMAN:  All right.  I should have brought it up
16  earlier.
17          THE COURT:  Beyond on that, Mr. Lerman, anything
18  else?
19          MR. LERMAN:  Two things:  One we ask for a
20  recommendation that he be sentenced to -- or his placement by
21  the Bureau of Prisons be either in the Southern District of
22  Florida or the Middle District of Florida; and then the last
23  would be whether the Court is taking him into custody today or
24  allowing the marshal service to assign him and self-surrender
25  to the BOP which is not an uncommon practice in this district.
```

1  He has been compliant with Probation and with Pretrial

2  Services.  Even though he was late today, that was a

3  miscommunication more so between myself and him.  Based on the

4  fact that he haded a Zoom plea conference, he assumed that

5  sentencing was by Zoom, and I probably discussed the fact that

6  I had had Zoom sentencings with other clients recently.

7          He has family.  As he has indicated, he has a job

8  that he has been working; and I don't think anybody is sitting

9  here claiming he is a threat of flight in this particular

10  circumstance.

11          THE COURT:  I want to be clear that I have not taken

12  into account and will not the fact that there was this

13  miscommunication about this in-person versus Zoom nature of

14  today's hearing.

15          Ms. Acosta, what is your position on a surrender

16  date?

17          MS. ACOSTA:  You Honor, we are asking for remand.

18  Now he has been sentenced to prison for 37 months, I believe

19  that the burden shifts, and I have clear and convincing

20  evidence that he would not be a flight risk or a danger to the

21  community, so he is not one of the prescribed listed -- he

22  hasn't been convicted of one that would --

23          THE COURT:  I'm sorry.

24          MS. ACOSTA:  He doesn't qualify for the -- I'm sorry,

25  I have my mask on.  He doesn't fall into 3143(2), so the Court

```
 1    could allow him to surrender.  We are asking that he be
 2    remanded because he has been sentenced to a term of 37 months,
 3    and we believe now he could be a possible risk of flight or
 4    danger.  And if you do allow him to remand, we ask that he
 5    surrender in seven days.  He has known this was coming, he
 6    should be ready to go and serve his sentence.
 7              THE COURT:  All right.
 8              Mr. Aguilar, I have considered your request for a
 9    surrender date, and that request will be denied.  It is
10    regrettably time for you to serve the sentence based on your
11    criminal conduct, and so you will be remanded today into
12    custody.
13              I will make that recommendation that you serve your
14    sentence in the Southern District of Florida or the Middle
15    District of Florida, as close to those jurisdictions as
16    possible.  I do wish you well, sir, and may God bless you.
17              Anything further from Probation?
18              PROBATION OFFICER:  No, Your Honor; thank you.
19              THE COURT:  Ms. Glass, anything that I overlooked?
20              THE COURTROOM DEPUTY:  No, Your Honor.
21              THE COURT:  All right, thank you.  The court is in
22    recess.
23              I wish you well, sir.
24         (PROCEEDINGS ADJOURNED AT 4:18 p.m.)
25
```

1            **C-E-R-T-I-F-I-C-A-T-E**

2            I hereby certify that the foregoing is

3       an accurate transcription and proceedings in the

4       above-entitled matter.

5

   *10/22/2021*                 */s/DIANE MILLER*
6   DATE                        DIANE MILLER, RMR, CRR, CRC
                                Official Court Reporter
7                               United States District Court
                                101 South U.S. Highway 1
8                               Fort Pierce, FL  34950
                                772-467-2337
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MR. LERMAN:
**[14]**  2/19 2/23
3/25 4/8 4/14 5/4
6/24 10/9 13/8
13/15 14/5 14/12
14/15 14/19
MS. ACOSTA:
**[14]**  2/5 2/8 2/12
4/11 4/17 5/7 5/15
10/11 12/19 14/1
14/10 14/13 15/17
15/24
PROBATION
OFFICER: **[2]**
2/15 16/18
THE COURT: **[29]**

THE
COURTROOM
DEPUTY: **[2]**  2/2
16/20
THE
DEFENDANT: **[1]**
3/2

**$**

**$100 [2]**  5/1 12/24
**$15,000 [1]**  4/25
**$150,000 [1]**  4/25
**$154,000 [1]**  5/24
**$39,000 [1]**  9/19
**$500 [3]**  5/1 12/25
13/2
**$80 [3]**  5/20 5/21
5/24
**$92,230 [3]**  5/2
11/22 12/5

**/**

**/s/DIANE [1]**  17/5

**1**

**1,931 [1]**  5/23
**10 [1]**  12/21
**10 percent [1]**
12/6
**10/22/2021 [1]**
17/5
**101 [2]**  1/14 17/7
**12 [2]**  12/21 12/21
**13 [6]**  3/9 11/6
11/9 12/21 12/25

14/9
**14 [2]**  12/21 13/10
**14020 [1]**  2/2
**15 [1]**  12/21
**16 [1]**  12/21
**17 [5]**  3/9 11/6
11/9 12/25 14/9
**18 [4]**  3/6 8/7
10/16 12/21
**19 [1]**  12/21

**2**

**20 [2]**  1/5 12/21
**2018 [1]**  5/23
**2021 [1]**  1/5 17/5
**21 [3]**  1/7 4/21
12/21
**21-14020-CR-CAN
NON [1]**  1/2
**21-CR-14020 [1]**
2/2
**22 [5]**  3/9 11/6
11/9 12/25 14/9
**2337 [2]**  1/25 17/8
**24 [4]**  8/2 8/4 8/7
8/8
**24-month [1]**  8/16
**26 [1]**  3/11
**28 [2]**  3/19 4/20

**3**

**30th [1]**  3/8
**3100 [1]**  1/14
**3143 [1]**  15/25
**330 [1]**  1/17
**33401 [1]**  1/18
**34950 [3]**  1/15
1/24 17/8
**3553 [2]**  3/7 10/16
**36 [5]**  7/3 13/17
13/19 14/2 14/7
**37 [6]**  4/23 8/2
11/5 13/1 15/18
16/2
**37-month [1]**
13/16

**4**

**46 [1]**  4/23
**4:18 [1]**  16/24

**5**

**5695 [1]**  9/11

**7**

**72 [1]**  11/10
**7206 [1]**  3/11
**772-467-2337 [2]**
1/25 17/8

**9**

**98 [2]**  12/2 12/16

**A**

**ability [1]**  12/11
**above [2]**  7/10
17/4
**above-entitled [1]**
17/4
**accept [1]**  5/9
**acceptance [2]**
7/18 7/21
**accepted [1]**  7/24
**account [1]**  15/12
**achieve [1]**  3/5
**ACOSTA [14]**
1/13 2/5 2/7 4/9
4/16 5/13 6/22
8/18 10/10 12/17
12/22 13/16 13/25
15/15
**add [1]**  6/13
**added [1]**  7/19
**addition [2]**  6/4
10/18
**address [3]**  8/20
8/24 12/16
**ADJOURNED [1]**
16/24
**adjudicated [1]**
3/14
**adopt [1]**  5/10
**adopted [1]**  3/12
**adopting [1]**  3/17
**advisory [3]**  4/22
5/10 10/15
**afternoon [8]**  2/6
2/7 2/15 2/22 3/1
3/2 6/25 9/1
**afternoon's [1]**
3/4 3/23
**Agent [1]**  2/8
**agreement [1]**
3/21
**AGUILAR [15]**  1/6
2/3 2/20 2/20 3/1
3/3 8/4 8/15 8/15

8/17 8/20 8/23
10/19 11/4 16/8
**AILEEN [1]**  1/10
**allow [2]**  16/1
16/4
**allowing [1]**
14/24
**alter [1]**  12/7
**although [1]**
10/23
**AMERICA [1]**  1/4
**amount [3]**  5/2
10/23 12/4
**amounts [4]**  6/14
7/6 7/11 7/15
**anticipated [1]**
12/12
**anybody's [1]**  8/9
**apologies [1]**
2/22
**apologize [5]**
2/23 9/2 9/5 9/20
10/5
**appeal [4]**  13/9
13/10 13/12 13/12
**appearance [2]**
2/4 2/18
**APPEARANCES
[1]**  1/12
**applicable [1]**
4/19
**apply [1]**  13/12
**approximate [1]**
5/24
**argued [1]**  6/16
**assessment [2]**
4/25 12/24
**assessments [2]**
11/24 13/3
**assets [1]**  12/13
**assign [1]**  14/24
**assisting [1]**  3/10
**associated [1]**
12/5
**assumed [1]**  15/4
**assuming [1]**
9/14
**assumption [1]**
9/4
**attorney [2]**  1/13
3/20
**Attorney's [1]**
12/9

**AUSA [1]**  1/13

**B**

**Beach [1]**  1/18
**behavior [3]**  6/15
6/18 10/24
**BENNY [6]**  1/6
2/3 2/19 8/14 8/15
11/4
**Beyond [1]**  14/17
**blatant [2]**  6/10
10/21
**bless [1]**  16/16
**BOP [1]**  14/25
**burden [1]**  15/19
**Bureau [2]**  11/4
14/21
**business [2]**  5/19
6/3

**C**

**C-E-R-T-I-F-I-C-A-
T-E [1]**  16/25
**calculated [1]**
5/11
**calculation [1]**
5/10
**CANNON [3]**  1/2
1/10 2/3
**carefully [1]**
10/20
**category [2]**  4/22
8/9
**certify [1]**  17/2
**character [2]**  3/19
4/4
**charge [4]**  3/10
5/20 5/23 9/16
**charges [2]**  7/1
7/8
**circumstance [1]**
15/10
**claiming [2]**  6/1
15/9
**claims [1]**  5/20
**Claire [1]**  2/15
**clarification [1]**
14/14
**clear [3]**  13/21
15/11 15/19
**Clematis [1]**  1/17
**Clerk [1]**  12/15
**clients [3]**  9/15

## C

clients... [2]  9/16 15/6
close [1]  16/15
Code [3]  3/7 3/11 10/16
collection [1]  11/18
commission [1]  7/5
committed [1]  11/4
committing [1]  11/15
community [2]  6/5 15/21
compassion [1]  9/21
compliant [1]  15/1
comply [2]  11/14 11/19
concern [1]  11/21
concurrent [1]  14/4
concurrently [2]  11/6 11/9
condition [1]  11/22
conditions [3]  11/14 11/19 13/4
conduct [1]  16/11
conference [1]  15/4
confusion [2]  2/23 9/2
Congress [1]  7/13
consecutive [3]  13/19 14/3 14/8
consideration [1]  8/14
contained [1]  5/9
contains [1]  10/14
controlled [1]  11/17
convicted [1]  15/22
conviction [1]  12/5
convincing [1]

## D

danger [2]  15/20 16/4
dangerous [1]  11/16
debt [1]  11/20
deductions [1]  9/19
defendant [15]  1/7 1/17 2/19 9/1 10/17 11/3 11/7 11/10 11/13 11/18 12/3 12/6 12/13 12/23 13/6
defendant's [1]  12/11
defraud [1]  9/7
denied [1]  16/9
deny [1]  11/1
depending [1]  7/10
depressed [2]  9/25 9/25
deter [1]  8/17
deterrence [6]

15/19
cooperating [1]  11/18
cooperation [1]  11/22
count [8]  4/24 7/3 13/18 13/18 13/20 14/2 14/3 14/8
counts [13]  3/9 3/9 3/14 5/1 7/8 11/5 11/6 11/9 12/5 12/17 12/20 12/25 14/9
court [32]
Court's [1]  13/6
CR [2]  1/2 2/2
CRC [2]  1/23 17/6
creates [1]  7/16
credit [3]  6/8 9/11 9/12
credits [1]  9/8
crimes [1]  11/15
criminal [3]  4/22 10/24 16/11
CRR [2]  1/23 17/6
custody [2]  14/23 16/12

## E

earnings [1]  12/7
elderly [1]  9/16
employment [1]  11/21
engaged [1]  10/21
enter [1]  2/3
entitled [1]  17/4
entry [3]  3/19 4/20 13/11
ESQ [1]  1/17
evidence [1]  15/20
expenses [1]  9/19

## F

faces [1]  7/14
fact [7]  6/15 7/22 10/21 13/6 15/4 15/5 15/12
factors [1]  10/15
facts [1]  5/9
fall [1]  15/25

6/16 6/17 6/18 7/5 8/1 8/18
device [1]  11/16
DIANA [2]  1/13 2/5
diane [4]  1/23 1/25 17/5 17/6
difficulty [1]  7/10
disclosure [1]  11/20
dismissed [3]  7/2 12/18 12/20
district [11]  1/1 1/1 1/10 1/24 14/11 14/21 14/22 14/25 16/14 16/15 17/7
DIVISION [1]  1/2
DNA [1]  11/18
docket [2]  3/18 4/20
documents [1]  3/22
dollar [2]  7/6 7/15
downward [2]  3/20 11/2
dragged [1]  7/24

false [1]  3/10
falsehoods [1]  10/21
family [2]  9/24 15/7
features [1]  6/9
federal [1]  6/12
fees [1]  5/21
final [1]  4/20
financial [2]  11/19 12/13
firearm [1]  11/16
FL [1]  17/8
flagrant [1]  6/6
flight [3]  15/9 15/20 16/3
FLORIDA [9]  1/1 1/6 1/15 1/18 1/24 14/22 14/22 16/14 16/15
flsd.uscourts.gov [1]  1/25
focus [1]  6/17
focused [1]  6/4
foregoing [1]  17/2
form [1]  9/10
forma [1]  13/13
FORT [5]  1/2 1/6 1/15 1/24 17/8
forwarded [1]  12/16
fraudulent [1]  6/1

## G

gains [1]  12/13
general [2]  6/18 8/18
gives [2]  8/7 8/21
Glass [1]  16/19
God [2]  10/1 16/16
Gogley [2]  2/9 2/12
GOVERNMENT [5]  1/13 2/4 5/6 8/2 12/12
Government's [1]  3/21
greater [1]  3/5
Greg [1]  2/19
GREGG [1]  1/17
gross [1]  12/7

guideline [9]  4/19 4/22 5/6 5/11 5/17 5/17 6/19 6/20 10/25
guidelines [7]  5/11 7/5 7/7 7/9 7/15 7/19 10/15
guilty [5]  3/7 3/13 3/14 7/2 7/22

## H

haded [1]  15/4
have my [1]  9/18
hearing [5]  1/9 3/4 3/15 3/24 15/14
hereby [1]  17/2
higher [1]  7/20
Highway [2]  1/14 17/7
history [1]  4/22
home [3]  6/9 8/6 8/6
Honor [14]  4/11 4/17 5/7 5/15 5/16 6/16 6/21 9/1 10/11 12/19 14/1 15/17 16/18 16/20
HONORABLE [1]  1/10
hours [1]  11/10

## I

immediately [1]  12/24
imposed [3]  4/7 13/5 13/10
imprisoned [1]  11/5
imprisonment [3]  4/23 11/7 13/2
income [3]  6/13 9/18 12/13
increase [1]  6/12
increased [1]  7/13
indicted [1]  7/23
indictment [2]  3/9 3/17
inflate [1]  6/14
intend [1]  9/3
intended [2]  9/6 9/7

**I**

interests [1]  12/8
Internal [1]  12/4
investigation [2]
10/14 11/24 12/2
IRS [3]  2/9 9/10
11/22
issue [1]  9/22

**J**

jail [1]  9/23
job [3]  10/1 10/19
15/7
JUDGE [5]  1/10
3/8 5/4 9/21 10/9
judgment [2]  11/3
13/11
July 30th [1]  3/8
jurisdictions [1]
16/15
justice [1]  12/8

**K**

key [1]  6/16
knowing [1]  6/11

**L**

late [1]  15/2
legal [2]  4/6 4/10
legally [1]  13/23
legislature [1]
7/13
LERMAN [12]
1/17 2/19 3/22 4/6
4/13 5/3 6/23 8/22
10/8 13/14 14/11
14/17
letter [1]  9/10
letters [4]  3/19
3/25 4/4 8/15
levels [1]  7/19
life [2]  8/8 8/9
list [2]  4/2 4/3
listened [1]  10/20

**M**

magistrate [1]  3/8
mandatory [1]
11/14
manner [1]  13/7
marshal [1]  14/24
mask [2]  5/14
15/25

material [1]  12/10
matter [1]  17/4
maximum [4]  7/2
7/9 7/14 13/19
Maynard [1]  3/8
meaningful [1]
7/21
Middle [2]  14/22
16/14
miller [3]  1/23
1/25 17/6
MILLLER [1]  17/5
miscommunicatio
n [2]  15/3 15/13
misrepresentatio
n [1]  6/10
monitor [1]  12/9
month [6]  8/16
13/16 13/19 13/23
14/3 14/8
monthly [1]  12/7
months [18]
motion [5]  3/20
3/21 6/16 7/4 11/1
Mr. [19]
Mr. Aguilar [9]
2/20 3/1 3/3 8/4
8/17 8/20 8/23
10/19 16/8
Mr. Lerman [10]
3/22 4/6 4/13 5/3
6/23 8/22 10/8
13/14 14/11 14/17
Ms [5]  4/16 12/22
13/25 15/15 16/19
Ms. [8]  2/7 4/9
5/13 6/22 8/18
10/10 12/17 13/16
Ms. Acosta [8]
2/7 4/9 5/13 6/22
8/18 10/10 12/17
13/16

**N**

nature [1]  15/13
necessary [1]  3/5
notice [1]  13/10
number [4]  5/19
5/22 5/25 5/25

**O**

object [1]  13/6
objections [3]

4/13 4/15 4/20
obligations [1]
12/14
odd [1]  7/8
offense [1]  4/21
office [4]  1/13
11/11 12/9 12/9
Official [2]  1/23
17/6
opportunity [1]
8/21
order [1]  3/17
overlooked [1]
16/19

**P**

P-R-O-C-E-E-D-I-
N-G-S [1]  2/1
p.m [1]  16/24
PAGES [1]  1/7
Palm [1]  1/18
paragraph [2]
12/2 12/16
part [3]  4/2 6/4
11/24
parties [2]  5/12
10/14
pauperis [1]
13/13
pay [7]  9/12 10/18
12/3 12/6 12/11
12/23 13/11
payable [1]  12/15
payment [2]  12/8
12/10
payments [1]
12/11
penalties [1]  8/1
people [3]  9/12
9/13 9/17
perfect [1]  7/11
period [2]  10/22
10/24
permissible [1]
11/20
permitted [1]
13/23
person [5]  2/24
8/14 8/14 11/11
15/13
phonetic [1]  2/9
PIERCE [5]  1/2
1/6 1/15 1/24 17/8

placement [1]
14/20
Plaintiff [1]  1/5
plea [4]  3/13 3/21
7/23 15/4
pled [2]  3/7 7/2
7/22
policy [1]  7/4
position [4]  7/21
8/13 10/20 15/15
possessing [2]
11/16 11/17
practice [1]  14/25
preclude [1]
12/12
prefer [1]  5/14
preparation [6]
3/10 3/15 3/23
5/19 5/21 6/3
preparer [1]  6/15
prescribed [1]
15/21
presentence [3]
10/14 11/24 12/2
Pretrial [1]  15/1
prison [1]  15/18
Prisons [2]  11/4
14/21
probation [8]
2/14 2/16 8/5 10/3
11/11 12/9 15/1
16/17
proceedings [2]
16/24 17/3
prohibited [1]
13/7
pronounced [1]
13/7
PSI [8]  3/18 4/13
4/15 4/20 4/21
5/10 5/10 13/4
purposes [1]  3/6

**Q**

qualify [3]  6/8 6/9
15/24
question [1]  12/1
quickly [2]  7/10
7/24

**R**

range [7]  4/19
4/23 4/24 5/11

5/17 5/17 6/20
rate [1]  12/6
ready [1]  16/6
reality [1]  7/20
recently [1]  15/6
recess [1]  16/22
recommendation
[6]  3/13 3/17 3/18
7/19 14/20 16/13
recommendation
s [1]  5/6
recommended [2]
4/23 4/25
recommending
[1]  5/16
recommends [1]
4/21
record [3]  3/7
3/16 4/18
referenced [1]
8/23
reflects [1]  3/7
regrettably [1]
16/10
release [8]  4/24
8/12 11/7 11/8
11/10 11/13 11/15
13/2
released [1]
11/12
relied [1]  6/5
remaining [1]
12/20
remains [1]  10/21
remand [2]  15/17
16/4
remanded [2]
16/2 16/11
remove [1]  5/14
report [8]  3/12
3/17 3/18 10/14
11/11 11/25 12/3
12/10
Reporter [2]  1/23
17/6
request [2]  16/8
16/9
requirement [1]
11/20
residential [1]  6/7
response [1]  3/21
responsibility [3]
7/18 7/22 7/24

United States vs. Benny Aguilar

**R**

rest [1]  14/3
restitution [11]  5/2 10/18 11/22 11/23 12/1 12/4 12/6 12/10 12/14 12/14 13/3
restriction [1]  11/20
restrictions [1]  11/21
returns [4]  3/10 5/22 5/23 5/25
Revenue [1]  12/4
review [1]  3/23
risk [2]  15/20 16/3
RMR [2]  1/23 17/6
rules [1]  10/5

**S**

satisfy [1]  12/14
schedule [1]  12/8
scheme [1]  10/23
search [1]  11/21
Section [3]  3/7 3/11 10/16
self [2]  11/21 14/24
self-employment [1]  11/21
self-surrender [1]  14/24
sentence [24]
sentencings [1]  15/6
serve [3]  16/6 16/10 16/13
served [2]  8/5 11/6
service [2]  12/4 14/24
Services [1]  15/2
seven [2]  3/25 16/5
shall [9]  11/7 11/10 11/13 11/18 12/3 12/6 12/9 12/15 12/23
shifts [1]  15/19
situation [4]  7/16 9/24 10/3 10/6
son [1]  9/24

South [2]  1/14 17/7
SOUTHERN [3]  1/1 14/21 16/14
special [7]  2/8 4/25 6/9 11/19 11/23 12/24 13/2
Spille [1]  2/15
standard [1]  11/14
starting [1]  5/13
state [3]  2/17 4/18 10/2
statement [2]  7/4 8/24
statements [1]  10/13
states [13]  1/1 1/4 1/10 1/24 2/6 3/6 3/11 9/7 10/16 12/3 12/15 12/24 17/7
statutorily [1]  7/14
statutory [1]  10/15
Stephanie [2]  2/9 2/10
Street [1]  1/17
stubs [1]  9/13
students [1]  9/16
substance [1]  11/17
substantial [6]  5/22 8/8 8/9 10/22 10/22 10/24
substantially [1]  8/3
sufficient [1]  8/17
Suite [1]  1/14
supervised [6]  4/24 8/12 11/8 11/13 11/14 13/2
supervision [1]  11/23
surrender [5]  14/24 15/15 16/1 16/5 16/9

**T**

table [1]  2/8
tables [1]  7/16
tax [9]  3/10 5/18

5/21 5/22 5/23 6/2 6/13 6/15 10/23
taxes [1]  9/18
term [4]  8/11 11/5 11/8 16/2
thank [13]  2/13 2/25 4/5 5/15 6/21 6/22 8/22 10/1 10/7 12/22 14/14 16/18 16/21
thereafter [1]  3/12
thinking [1]  13/15
threat [1]  15/9
three-level [1]  7/18
time [7]  8/4 9/22 9/22 10/22 10/25 12/7 16/10
Title [3]  3/6 3/11 10/16
today's [2]  3/15 15/14
total [3]  4/21 12/25 13/1
totaling [1]  5/1
TRANSCRIPT [1]  1/9
transcription [1]  17/3
trouble [1]  8/10

**U**

U.S [5]  1/13 2/16 12/8 12/9 17/7
unable [1]  13/11
uncommon [1]  14/25
understanding [1]  4/19
unexpected [1]  12/13
UNITED [11]  1/1 1/4 1/10 2/5 3/6 3/11 9/7 10/16 12/15 12/24 17/7
Unites [1]  1/24
unlawfully [1]  11/17
unpaid [1]  11/23
US [1]  1/14
USA [1]  2/3

**V**

vaccinated [1]  6/24
variance [2]  3/20 11/2
versus [3]  2/3 2/24 15/13
violation [1]  3/11
vs [1]  1/5

**W**

W-2 [2]  6/13 6/14
warranted [1]  11/1
West [1]  1/18
wish [3]  8/24 16/16 16/23
wishes [1]  8/20
withholding [1]  6/13

**Y**

yielding [1]  4/22

**Z**

Zoom [6]  9/2 9/4 15/4 15/5 15/6 15/13
Zooming [1]  2/24